IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENDRICK OMAR HILL, #266173, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL ACTION NO. ) 3:21-CV-133-WHA-SRW ) (WO) |
| JAY JONES, *et al.,* | ) ) |
| Respondents. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Petitioner Kendrick Omar Hill is before the Court on an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his first-degree kidnapping conviction and 45-year sentence imposed in January 2021 by the Circuit Court of Lee County, Alabama. Doc. 10. Hill claims that the evidence was insufficient to support his conviction, that his counsel was ineffective, and that his sentence was excessive and unfair. *Id*. at 5–10.

Respondents argue that Hill has not exhausted his state court remedies regarding the claims in his § 2254 petition because his direct appeal is still pending in the Alabama Court of Criminal Appeals. Doc. 16. They maintain that Hill's § 2254 petition should therefore be dismissed without prejudice to allow Hill to exhaust his claims in the state courts.

In light of the arguments and evidence presented by Respondents, the Court entered an order allowing Hill to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies. Doc. 17. Hill filed no response.

## II.  DISCUSSION

A longstanding prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—that is, a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The record reflects that Hill has not exhausted his state court remedies regarding the claims in his § 2254 petition. As Respondents observe, Hill's direct appeal is pending in the Alabama Court of Criminal Appeals. Moreover, Hill's petition contains claims of ineffective assistance of counsel. In Alabama, ineffective assistance claims are best raised, in the first instance, in a petition under Ala. R. Crim. P 32 filed in the state trial court within

one year after direct review has concluded. If Hill receives an adverse ruling on a Rule 32 petition, he may then exhaust his properly raised claims by seeking review of the trial court's decision in the Alabama appellate courts. *See Smith*, 256 F.3d at 1140–41. As indicated above, the exhaustion requirement applies to state post-conviction proceedings (e.g., under Ala. R. Crim. P. 32) and to direct appeals alike. *See Pruitt*, 348 F.3d at 1359.

The Court may not rule on Hill's claims without first allowing him to exhaust the remedies available to him in the Alabama state courts. *See* 28 U.S.C. § 2254(1)(b)(2). It therefore concludes that this § 2254 petition should be dismissed <u>without prejudice</u> so Hill may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Hill to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 19, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, on this the 4th day of May, 2021.

                                                     /s/ Susan Russ Walker  
                                                     Susan Russ Walker  
                                                     United States Magistrate Judge